AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                           **ORDER OF DETENTION PENDING TRIAL**

<u>   SECUNDINO ARIAS-GARCIA   </u>            Case Number: 09-20005-09-KHV-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached page)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 10, 2009                          s/ David J. Waxse
                                                  *Signature of Judicial Officer*

                                                  DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                  *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Secundino Arias-Garcia
Criminal Action 09-20005-09-KHV-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors set out in 18 U.S.C. §3142(g) that I have to look at to determine whether or not there are conditions that will allow your release.

The first factor is the nature and circumstances of the offense charged. Obviously it involves a controlled substance, which is a negative factor.

The next factor is the weight of the evidence against the person. There is a Grand Jury Indictment, which is a negative factor.

The next factor is history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. There is no issue in terms of drug or alcohol abuse. There is prior court contact, which includes charges and no appearance on those charges.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by the release. Any time you are talking about charges of distributing methamphetamine it is a danger to the community of a serious nature, so that is a negative.

Considering the presumption coupled with the active warrant as well as the general and specific factors, I am going to find that there are no conditions I can set that will reasonably assure defendant's appearance or protect the safety of the community, so he will remain detained.