IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
| ) | |
| **Plaintiff,**                                    ) | |
| ) | CRIMINAL ACTION |
| v.                                                         ) | |
| ) | No. 09-20005-09-KHV |
| SECUNDINO ARIAS-GARCIA,            ) | |
| ) | |
| **Defendant.**                                 ) | |
| ) | |

**MEMORANDUM AND ORDER**

On March 16, 2010, the Court sentenced defendant to 210 months in prison. On December 8, 2021, pursuant to a prisoner transfer treaty, the Bureau of Prisons released defendant to serve the remainder of his sentence in the custody of Mexican officials. See Treaty on Execution of Penal Sentences, Nov. 25, 1976, U.S.-Mexico, 28 U.S.T. 7399, T.I.A.S. No. 8718. This matter is before the Court on defendant's pro se Motion For Reduction Of Sentence Based On The U.S.S.G. Amendment To Section 4C1.1 (Doc. #1365) filed December 4, 2023. For reasons stated below, the Court dismisses defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his

sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a).  United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).  Under Tenth Circuit precedent, the first hurdle is jurisdictional.  Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).

Defendant argues that he is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") reduces the total offense level for certain defendants with zero criminal history points.  The United States Sentencing Commission voted to apply the amendment retroactively to offenders who are currently incarcerated.  U.S.S.G. § 1B1.10(d).  Defendant has zero criminal history points.  See Presentence Investigation Report (Doc. #709) filed March 9, 2010, ¶ 118.  Defendant is not eligible for relief under Amendment 821, however, because he received an enhancement for an aggravating role.  See U.S.S.G. § 4C1.1(a)(10) (adjustment for certain zero-point offenders applies only if "defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848"); Presentence Investigation Report (Doc. #709), ¶ 108 (imposing three-level enhancement under U.S.S.G. § 3B1.1(b) because defendant had managerial role in conspiracy); see also United States v. Castaneda Mendez, No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024) (plain language and context of Section 4C1.1(a)(10) properly read to exclude any defendant who *either* had aggravating role enhancement or engaged in continuing criminal enterprise); United States v. Gordon, No. 1:19-CR-00007-JAW, 2023 WL 8601494, at *3 (D. Me. Dec. 12, 2023) (rejecting argument that defendant can satisfy Section 4C1.1(a)(10) if he did not receive an

aggravating role enhancement *or* he was not engaged in continuing criminal enterprise). Accordingly, the Court dismisses defendant's motion to reduce sentence.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Reduction Of Sentence Based On The U.S.S.G. Amendment To Section 4C1.1 (Doc. #1365) filed December 4, 2023 is **DISMISSED**.

Dated this 5th day of March, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge